UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE BORDELAIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-CV-08140 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| VALERIE BORDELAIS, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANTOINE BORDELAIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-CV-08350 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| GAIL STILWELL and RICHARD STILWELL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In these two related cases, Antoine Bordelais in essence challenges state court orders concerning the ongoing child-custody disputes between Antoine and his wife, Valerie Bordelais, over the custody and supervision of their minor daughter. Antoine lives in France, while Valerie lives in Naperville, Illinois. R. 1 ¶¶ 1–2 (19-cv-08140).

**Case No. 19-cv-08140 (Valerie Bordelais)**

In the first lawsuit, Case No. 19-cv-08140, Antoine alleges that he filed a petition for dissolution of marriage in Switzerland (where the family had been living), but the petition is still pending in the courts there. R. 1 ¶ 4. According to Antoine, a Swiss court has held that the removal of the daughter from Switzerland was

wrongful, and that Antoine must be permitted "unsupervised visitation by Skype" in the meantime. *Id.* ¶¶ 6–7. Valerie allegedly has refused to obey those orders, so Antoine seeks a federal-court order to require compliance. *Id.* ¶ 14. But he also seeks monetary damages for the injuries suffered from the denial of the Skype visitation. *Id.* ¶¶ 20–21.

On the merits, Antoine might have an uphill climb: the Swiss order, although setting forth the Skype visitation, also conditioned the visitation on Antoine respecting the bi-weekly time limit and on not "rushing" the daughter. R. 12 at 3–4 (quoting English translation of Swiss order). The Swiss order anticipated potential non-compliance, warning "if Antoine Bordelais proves to be unable to observe these temporal or material limits, the Deputy Judge shall refer Valerie Bordelais to the U.S. authorities competent to 'specify the terms' of exercising the visitation right provided for by the Swiss Judge," R. 12 at 4 (quoting English translation of Swiss Order). According to Valerie, Antoine did violate the Swiss order, prompting her to petition for a modification of the visitation to be supervised (rather than unsupervised). R. 12, Exh. 1 (petition). She filed the petition in Will County Circuit Court, which granted the petition and modified the visitation to be supervised. R. 12-2 (order of November 7, 2017) (ordering supervised visitation), R. 12-3 (order of January 11, 2018) (appointing supervisor).

In any event, setting aside the merits of Antoine's claim, the more urgent flaw in the case is that federal courts do not have subject matter jurisdiction over it. Long ago, the federal courts decided that there is a domestic-relations exception to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). In *Ankenbrandt*, the Supreme Court confirmed that, as a matter of statutory interpretation of the diversity-jurisdiction statute, 28 U.S.C. § 1332, federal courts do not have the "power to issue divorce, alimony, and child custody decrees." Of course, the exception has its limits: the domestic-relations exception is a carve-out from the general rule that federal courts have a duty to exercise jurisdiction over those cases in which Congress has conferred subject matter jurisdiction. So the domestic-relations exception would not bar a complaint that is not dependent on a decree of divorce, alimony, or child custody. *Id.* at 704. But that is what Antoine seeks here: a child-custody order authorizing him to have unsupervised visitation instead of what the state court has ordered. And the monetary damages claim arises directly out of the alleged failure to grant unsupervised visitation; absent the validity of that order, there are no damages. This Court lacks diversity jurisdiction given the domestic-relations exception.

2

Indeed, as mentioned, the parties have proceed in state family court in Will County Circuit Court, which is what one would expect in a domestic-relations matter. This raises another subject matter jurisdiction problem with Antoine's claim: the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The idea behind *Rooker-Feldman* is that the Supreme Court is the only federal court that has jurisdiction to review the decisions of state courts in civil cases. *Johnson v. Orr*, 551 F.3d 564, 567 (7th Cir. 2008). This means that any request for "a remedy for an injury caused by [a state court] judgment" cannot be granted. *Id.* at 568 (7th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The "vital question" for application of *Rooker-Feldman* is "is whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). If there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment," then *Rooker-Feldman* applies. *Mains v. Citibank*, 852 F.3d 669, 675 (7th Cir. 2017) (quoting *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)).

Although *Rooker-Feldman* is a narrow doctrine, it does apply here. As noted earlier, the Will County Circuit Court entered an order requiring supervised visitation, R. 12-2, and appointed a supervising entity, R. 12-3. Antoine is literally asking this federal district court to override those orders. *Rooker-Feldman* bars that review of the state court. Antoine argues that the state court did not have jurisdiction to enter the orders, R. 35 at 1–4, but a collateral challenge to those orders in federal court is exactly what *Rooker-Feldman* bars. Antoine instead should have pursued appeals in the state court system. So on this ground too, the Court lacks subject matter jurisdiction.

### Case No. 19-cv-08350 (The Stilwells)

The defendants in the second case, Case No. 19-cv-08350, are Gail and Richard Stilwell, the parents of Valerie. R. 13 ¶ 2 (19-cv-8350). According to Antoine, the Stilwells have aided and abetted Valerie's wrongful abduction of the daughter. *Id.* ¶¶ 8–9. jurisdiction.

The Stilwells move to dismiss, arguing that the amount-in-controversy requirement has not been satisfied, *Rooker-Feldman* applies, and issue preclusion. R. 15. These arguments miss the mark, primarily because the dismissal motion characterizes the Complaint as solely based on the dispute over unsupervised visitation. In this case, Antoine actually is alleging that Valerie abducted the daughter and that

3

the Stilwells helped Valerie do that. It is reasonable to think that the emotional distress of a wrongful separation would easily top $75,000; *Rooker-Feldman* does not apply, at least not yet, because it does not appear that there is a state court order resolving the custody (rather that the visitation) dispute; and issue preclusion similarly not applicable without a decision on custody (rather than visitation).

But federal courts have an independent obligation to assess subject matter jurisdiction, and here the domestic-relations exception applies just as it did to the case against Valerie. The sole basis for Antoine's claim is that ought to have custody of the daughter, or at the least she should not have been removed from his custody in Switzerland. R. 13 ¶¶ 4–5. Given the domestic-relations exception to diversity jurisdiction, this Court has no authority to decide who lawfully has custody of the daughter. And imposing a damages award against the Stilwells for supposedly aiding a violation of a child-custody order would have the same effect as deciding the custody issue. *Ankenbrandt*, 504 U.S. at 703. Again, then, the domestic-relations exception applies and there is no subject matter jurisdiction over the case against the Stilwells.

As a final note, Antoine's motions to file sur-replies in the cases are denied, because he had sufficient opportunity to address the defense arguments and the defense replies sprung no surprises warranting a sur-reply. The tracking status hearing of December 4, 2020, is vacated. Final judgment shall be entered in both cases.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 30, 2020

4